YOUNGERMAN and another, Plaintiffs and Respondents, vs. THIEDE, Defendant and Appellant: HACKETT and another, Defendants and Respondents.

*November 10—December 6, 1955.*

For the appellant there were briefs by *Heft, Brown, Stewart & Coates* of Racine, and oral argument by *Carroll R. Heft.*

For the respondents Youngerman there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent Hackett there were briefs by *Kivett & Kasdorf,* attorneys, and *Austin W. Kivett* and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Austin W. Kivett.*

For the respondent Hulbert there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *Fred D. Hartley.*

BROADFOOT, J.   There was a sharp conflict in the testimony with reference to the collisions.  The plaintiffs and Mr. and Mrs. Thiede testified that they were proceeding southerly on the highway and that they were unaware of the following car driven by Mrs. Hackett.  George Youngerman did testify that he turned and saw the Hackett car just prior to the collision, that the Hackett car was immediately behind the Thiede car, and that the collision between those cars followed immediately.  They testified that the collision between the Hackett car and the Thiede car occurred first and that as a result thereof the Thiede car was projected to its left across the center line of the highway where it collided with the Hulbert car.  On the other hand, it was the testimony of Mrs. Hackett that she was driving about four car lengths behind the Thiede car and that both traveled at a moderate rate of speed for some distance, each automobile traveling about in the center of the proper lane; that the Thiede car just prior to the collision swerved or veered to the left and across the center line; that the Hulbert and Thiede cars then collided in the east lane, which caused the Thiede car to collide with the left front of her car and that the collision between her car and the Thiede car was due to the collision between the Hulbert and Thiede cars which occurred first in point of time.

Upon this appeal Thiede claims that the two diametrically opposed versions were irreconcilable and that the special verdict was framed so as to determine which of the two versions was true.  If the Thiede version was correct, then Mrs. Hackett's negligence was the sole cause of both collisions and that she alone should be held responsible for the damages sustained by the plaintiffs; that the jury compromised by finding both Thiede and Mrs. Hackett causally negligent and therefore the verdict is inconsistent, requiring a new trial.  He contends that the finding of the jury that the negligence of Mrs. Hackett was a cause of both collisions is

inconsistent with the finding that Thiede was negligent, and requires the court to change the answers as to Thiede's causal negligence, or to grant a new trial. He contends that the jury had but two alternatives: One, to find that the collision between the Thiede and Hackett cars occurred before the collision between Thiede and Hulbert, or, two, that the collision between Thiede and Hackett occurred after the collision between Thiede and Hulbert.

The same contentions were apparently made before the trial court upon the motions after verdict. The trial court in its memorandum decision analyzed the situation as follows:

"If the jury in making its findings was so limited the position of counsel for the defendant Thiede would be well taken. It is apparent from the findings in the special verdict that the jury did not take the positions as contended in the arguments of the respective counsel for either the plaintiffs, the defendant Thiede, or the defendant Hackett. The court is satisfied that the jury was not limited to the two alternatives mentioned and that the findings of the jury are not inconsistent, and on the contrary are the result of careful, consistent and very able consideration and determination of the facts in the case. . . . The findings demonstrate that the jury did not accept in its entirety either the version of Hackett or Thiede and the question presented is whether there is any basis in the credible evidence in the case for the position taken and the findings made by the jury.

"Both Hulbert and his passenger and the defendant Hackett and all of the witnesses who were in the Thiede car testified that Thiede invaded his left-hand lane of travel immediately before the collision of his car with the Hulbert car. Hulbert and the passenger in his car were unable to testify as to whether the collision between Thiede and Hackett occurred immediately prior to or immediately after the collision between Thiede and Hulbert for the reason that the Thiede car when it suddenly veered to the left obscured the view of the Hackett car. This left the dispute as to whether the Thiede car veered to the left and as to whether the colli-

sion between Thiede and Hackett occurred before or after the collision between Thiede and Hulbert between the testimony of the occupants of the Thiede car on one side and the testimony of Hackett on the other together with certain physical facts. Hackett testified that Thiede veered to the left before she collided with his automobile, that Thiede collided with Hulbert before she collided with Thiede, that after the collision between Thiede and Hulbert the rear end of the Thiede car veered to the right and struck the right front corner of her car on its side and not on its front. The photograph demonstrated that the Thiede car was struck on the rear near its right rear corner and with its bumper bent inward about three inches. There was evidence that the left side of the grill in the front of the Hackett car was damaged. Hackett testified that immediately before she collided with Thiede she was traveling in the center of the right-hand lane and that when the collision occurred all of the wheels of her car were on the concrete. It was obvious that the collision between Thiede and Hackett could not have occurred if both vehicles were traveling in the center of the right-hand lane as it would be impossible if both vehicles were in that position for the right rear of the Thiede car to come in contact with the left front or left front side of the Hackett car with all of the wheels of the Hackett car on the concrete. The jury rejected the testimony of Hackett that the Thiede car came in contact with the left front corner at the left side of that vehicle and reached the conclusion that the front of the Hackett car at its left corner collided with the rear of the Thiede car at its right rear corner or near such corner. The jury accepted Hackett's testimony to the effect that all four wheels were on the concrete when this collision occurred and reasoned therefrom, and justifiably so, that the Thiede car had been turned to its left before this collision occurred and declined to accept the testimony of the occupants of the Thiede car that the Thiede car had not turned to the left before this collision. The jury refused to accept the testimony of Hackett that the collision occurred after the collision between Thiede and Hulbert and accepted the testimony of the occupants of the Thiede car that the collision between Thiede and Hackett occurred prior to the collision between Thiede and Hulbert. In so doing the jury also rejected the testimony of Thiede and

the occupants of his car that the Thiede car was not turned to the left before Hackett collided with it and was not forced into the left-hand lane solely by the collision between Thiede and Hackett but partially at least by Thiede's own act or acts prior to the collision between Thiede and Hackett. There is evidence in the case which if the jury deemed credible serves as a basis for the conclusions reached and the findings made by the jury. These findings so made are not inconsistent. The jury was not obliged to accept those portions of the testimony offered on behalf of Thiede which they found incredible and were not obliged to accept those portions of the testimony of Hackett which they found incredible.

"With respect to the subdivisions of negligence submitted in the alternative with respect to the defendant Hackett and both of which were answered by the jury the finding in answer to subdivision (a) of questions 4, 5, and 6 is sufficient to establish liability against the defendant Hackett and subdivision (b) of said questions may be disregarded as surplusage unless the answers to these two subdivisions of question 4 are inconsistent or unless subdivision (a) and the answer thereto is not based upon credible evidence in the case. It seems to the court that this latter question must be answered adversely to the defendant Hackett and also that it must be held that the answers to these two subdivisions are not inconsistent. The defendant Hackett was asked this question and gave this answer: '*Q*. Did you put on your brakes so hard that the wheels stopped and skidded? *A*. I applied them pretty hard,—gradually but hard, and I pulled to the right at the same time.' The jury having been satisfied that Thiede turned to the left before the necessity for action on the part of Hackett arose it apparently appeared to the jury not only that the defendant Hackett could have avoided the accident if she had not been traveling too close but even though she was traveling too close as Thiede was moving to the left if she turned her wheels to the right when she said she did she could in the exercise of ordinary care with the use of her brakes in turning to the right have avoided the collision without driving her car into a place of danger."

It is apparent that the defendant Hackett was causally negligent under any version of the accident. She testified that

she was driving within·four car lengths of the Thiede car; that she did not know the distance in feet but she thought that a car length amounted to about 10 feet. Again she testified that there was a wide shoulder to the right of the concrete portion of the highway but that she did not want to turn onto the shoulder because it had been made muddy by the rain.

Hulbert's testimony corroborates some of the testimony of Mrs. Hackett. He testified that he saw the two automobiles when they were about a mile away; that each car was in its own proper lane of travel with the Hackett car 80 to 100 feet back of the Thiede car; that they maintained those positions until the Thiede car veered to the left and entered his lane of traffic. He testified that he did not hear or see a collision between the Hackett and Thiede cars but the last time he saw the two cars they were still four or five car lengths apart and that was at the instant when Thiede's automobile was about two car lengths from him and veered into his lane of travel. He further testified that both the Thiede and Hackett cars were in his vision when Thiede started to come toward the east side of the highway.

The jury could have determined from the evidence that Thiede turned to the left and that the left front portion of his car invaded Hulbert's lane of travel; that Mrs. Hackett, because she was driving too close, struck the right rear of the Thiede car which prevented it from returning to its own lane of travel and thus she might have been a cause of the collision between the Hulbert and Thiede cars. Thus both Thiede and Hackett could have been in a measure responsible for the collision between the Thiede and Hulbert automobiles. Under that set of facts the verdict would not be inconsistent. The jury was justified from the evidence in determining that each was negligent in a manner that caused the injuries to the plaintiffs. The cross complaints as between the defendants

were for contribution. No questions as to comparative negligence were involved.

Thiede next contends that not only did the jury attempt to compromise, and as a result rendered an inconsistent verdict, but that the failure on the part of the trial court to admit the existence of inconsistencies in the verdict enlarged the error; that the trial court selected a different version from that of the jury in order to determine liability, and that because of the double error a new trial is required. That contention has been answered by what appears above.

Thiede further contends that no question was submitted to the jury as to the limited duty Thiede owed to the plaintiffs as his guests; that the failure to submit this question placed an added burden and a higher standard of care upon Thiede. The record does not disclose that any objection was made by any of the parties to the form of the verdict. Therefore Thiede waived any objection thereto and cannot now be heard on such contention.

As a final contention that a new trial should be granted, Thiede states that either the jury verdict is inconsistent or if it is consistent then the directed verdict in favor of the defendant Hulbert was improperly granted. He argues that if the jury was justified in finding that the Thiede car had turned to its left before any collision had occurred then the question of Hulbert's negligence in failing to avoid the collision should have been submitted to the jury. No objection was made by Thiede to the granting of the motion for the directed verdict, nor did he appeal from the judgment that was entered thereon. Upon the trial there was no testimony upon which a finding of negligence on the part of Hulbert could have been based and it was not seriously contended by anyone that Hulbert was causally negligent in any respect. Thiede did serve a notice of an appeal from the judgment of March 28th upon the attorneys for Hulbert. At the time of

argument before this court Hulbert, through his attorneys, moved that the appeal be dismissed as to him on the ground that no proper notice of appeal had been taken as to the judgment in his favor. That motion is granted.

The plaintiffs also moved that the notice for review on behalf of the defendant Hackett be dismissed because it was not served within thirty days after service on her of the notice of appeal as provided by sub. (4) of sec. 274.12, Stats. That subsection of the statutes is not applicable, but the matter is covered by sub. (1) of said section and said motion is denied.

*By the Court.*—Judgment affirmed. The motion of the defendant Hulbert for a dismissal of the appeal is granted, with costs. The motion of the plaintiffs to dismiss the defendant Hackett's motion for review is denied, with costs.